IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

TOBY HARLOW,
an individual, on behalf of himself
and others similarly situated,

    Plaintiff,

vs.

CASE NO:

MOVIN' IRON, INC., a domestic
corporation; JOHN M. HOLT, an
individual; and TIM E. BRAGWELL,
an individual;

    Defendants.
_____/

## COMPLAINT

COMES NOW Plaintiff Toby Harlow (hereinafter "Harlow" or "Plaintiff') by and through the undersigned attorney, and brings this action, on behalf of himself and all other similarly situated employees, past and present, against Movin' Iron, Inc. (hereinafter "Movin' Iron"), John M. Holt (hereinafter "Holt"), and Tim E. Bragwell (hereinafter "Bragwell") for damages and other legal and equitable relief for the Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et. seq., ("FLSA") and other laws. In support thereof, the Plaintiff states the following:

1

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. District Court jurisdiction exists pursuant to 29 U.S.C. §§ 216(b) and 217 and 28 U.S.C. § 1331.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because the Defendants are subject to personal jurisdiction in the Northern District of Alabama, Northwestern Division.

3. At all relevant times herein, the Defendants' business activities were/are related and performed through unified operations or common control for a common business purpose and constituted/constitute an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

## PARTIES

4. Plaintiff Harlow is currently a resident of Fulton, Mississippi, and performed work for the Defendants in Franklin County, Alabama which is in the Northern District of Alabama, Northwestern Division. Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e)(1).

5. Defendant Movin' Iron, located at 828 Highway 24 East, Red Bay, Franklin County, Alabama, 35582, operates an inter-state trucking business, and

has done so at all times relevant to the filing of this complaint, and the time periods referenced in this complaint.

6. Defendant Holt is, upon information and belief, a resident of Alabama and is an adult over the age of twenty-one (21).

7. Defendant Bragwell is, upon information and belief, a resident of Alabama and is an adult over the age of twenty-one (21).

8. Defendants Holt and Bragwell are, upon information and belief, officers and/or directors of Movin' Iron. At all times relevant to the claims made the basis of this suit, Defendants Holt and Bragwell were acting in their capacities as officers and/or directors of Movin' Iron and had operational control over the day-to-day functions of the Plaintiff, had direct responsibility for the compensation of the Plaintiff, and determined the day-to-day functions of the Plaintiff. Defendants Holt and Bragwell personally had the power to hire and fire the Plaintiff, personally supervised and controlled the Plaintiff's work schedules and conditions of his employment, personally determined the rate and method of payment to the Plaintiff as well as the Defendants' pay policies, and personally had involvement in and, to the extent that they were and are maintained, maintained the pay and employment records of the Plaintiff.

9. At all times material to this action, the Defendants have been an enterprise as defined by § 203(s)(1) of the FLSA.

10. Movin' Iron has an annual gross volume of sales made or business done that is or exceeds $500,000.

11. At all times relevant to this action, each Defendant was an "employer" of the Plaintiff as defined by § 203(d) of the FLSA, and the Plaintiff was an "employee" of Defendants as defined by § 203(e)(1) of the FLSA. The Plaintiff worked for the Defendants within the territory of the United States within three years preceding the filing of this lawsuit.

12. Defendants Movin' Iron, Holt and Bragwell are sometimes referred to in this Complaint collectively as the "Defendants," which is meant to refer to and include all named defendants.

## STATEMENT OF FACTS

13. Defendants provide transportation and trucking services throughout the country and employ drivers to drive Defendants' trucks for them and to service Defendants' customers.

14. Defendants set Plaintiff's compensation, and that of other similarly situated employees, and paid them on a piece-rate, per-mile basis for driving. The mileage rate of pay varied depending upon whether the miles driven were empty, loaded or oversized.

15. Plaintiff and similarly situated employees were required to perform non-driving and/or non-productive duties, including but not limited to, truck and trailer inspections, waiting time, and other on-duty time. In addition, pursuant to 29 C.F.R §785.22(a), Plaintiff and similarly situated drivers must be paid for all non-driving time when on the road for over 24 hours. Plaintiff and similarly situated drivers regularly drove for Defendant and were on the road for over 24 hours. Defendants improperly failed to compensate Plaintiff at minimum wages for non-driving, and/or non-productive time. At all times during the liability period, Defendants had the power to control wages, hours, and/or working conditions of Plaintiff and their other drivers. For example, for the pay period of January 15, 2020 through January 22, 2020, Plaintiff was on the road for five (5) straight days and was paid a gross amount of $453.30, which is less than the statutory minimum wage for all hours Plaintiff worked during this pay period.

16. At all times during the liability period, Defendants failed to pay their drivers for all hours worked. Defendant failed to compensate Plaintiff and other similarly situated drivers for non-driving time, including but not limited to, pre and post trip inspections, waiting time, driving without a load, on duty time while on the road for over 24 hours, and other on duty time.

17. Plaintiff frequently worked over-the-road for several days at a time and was paid a sum of $66 per diem to reimburse living expenses while away from

home for 24 hours, such as food and lodging expenses. Such expenses approximate the actual expenses incurred by Plaintiff in the service of Defendants while away from home for an entire day, such that these sums are not compensation to Plaintiff nor are they part of his regular rate of pay, per 29 C.F.R. §§ 778.217(a) and (b)(3).

18. At all times during the liability period, Defendants failed to reimburse Plaintiff and other drivers for the business expenses they incurred performing job duties for Defendants including, but not limited to, repairs to Defendants' equipment, and agreed per diem pay. For example, between December 16, 2019 and May 12, 2020, Defendants failed to pay agreed per diem compensation to Plaintiff to reimburse expenses incurred on January 5, 2020, January 9, 2020, February 27, 2020, March 13, 2020, April 8, 2020 and May 12, 2020 while Plaintiff was on the road for 24 hours.

19. Defendants have engaged in a pattern and practice of miscalculating the loaded and empty miles driven by Plaintiff and other similarly situated drivers to further reduce compensation paid to Plaintiff and other drivers, thereby failing to pay any compensation whatsoever for such miles driven on Defendants' behalf. For example, between December 16, 2019 and May 12, 2020, Plaintiff drove between Alabama, Tennessee, South Carolina, Kentucky, Mississippi, Ohio and Texas and was not compensated for approximately 3,556 loaded miles and 1,503

empty miles driven for Defendants while in their employ and operating Defendants' trucks, with reference to mileage work sheets of Defendants currently in Plaintiff's possession.

20. Defendants' conduct, as alleged herein, has caused Plaintiff, and other similarly situated drivers, damages including, but not limited to, loss of wages and compensation. Defendants have failed to pay statutorily mandated minimum wages.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
(Violation of 29 U.S.C. §§ 201, et seq.)

21. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

22. At all relevant times herein, Plaintiff and other similarly situated drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

23. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206(a); 29 U.S.C. § 207(a)(1).

24. Defendants are subject to the FLSA's minimum wage requirements

because it is in interstate commerce and its employees are engaged in commerce.

25. Pursuant to Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees are entitled to be compensated at a rate of $7.25 per hour, effective July 24, 2009.

26. Defendants' pay plan applicable to Plaintiff and all similarly situated drivers pays drivers on a per-mile basis and does not pay for non-driving time. Defendant's compensation fails to pay minimum wage to its drivers under federal law. In addition, pursuant to 29 C.F.R §785.22(a), while on the road for over 24 hours, Plaintiff and similarly situated drivers were on duty for over 24 hours, but were not compensated at the federal minimum wage for all hours worked. Defendant knew or should have known that its compensation policy and methodology failed to compensate the drivers at the federal minimum wage.

27. Defendant, pursuant to its policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated employees.

28. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated drivers.

29. Plaintiff and all similarly situated drivers are victims of a single, similarly applied employer-based compensation policy. In violation of the FLSA,

that policy has been applied, and continues to be applied, to all similarly situated drivers.

30. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received, within three years from the filing of this Complaint, because Defendant acted willfully and knew, or showed reckless disregard for, whether their conduct was unlawful.

31. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages under 29 U.S.C. § 216(b) in an amount equal to the amount of their unpaid minimum wages. Alternatively, should the Court find Defendants did not act willfully in failing to pay minimum wage, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

32. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendant from Plaintiff and all similarly situated employees. Accordingly, Defendant is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

33.     There are numerous other similarly situated employees, both past and present, of Defendants who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable and easy to locate through Defendants' records.

**WHEREFORE**, **PREMISES CONSIDERED,** Plaintiff, on behalf of himself and all others similarly situated, prays for judgment and/or orders against Defendants as follows:

A.      An order allowing other similarly situated drivers to receive notice and opportunity to opt-in to this case pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act;

B.      Declare and find that Defendants violated FLSA, 29 U.S.C. § 201, et seq. by failing to pay Plaintiff and other similarly situated drivers the federal minimum wage;

C.      An award of damages in the amount of unpaid minimum wages at the federal minimum wage rate;

D.      Liquidated damages;

E.      An order enjoining Defendants from further unfair and unlawful business practices and requiring them to comply with the FLSA;

F.     Reasonable attorneys' fees and costs as allowed by Section 16(b) of the FLSA;

G.     Such other relief as the Court may deem just and proper.

Dated this 13th day of October, 2020.

Respectfully submitted,

By: /s/ Edward I. Zwilling
Edward I. Zwilling, Esq.
Bar No.: ASB-1564-L54E

OF COUNSEL:
Law Office of Edward I. Zwilling, LLC
4000 Eagle Park Corporate Drive
Birmingham, AL 35242
Telephone: (205) 822-2701
Email: edwardzwilling@zwillinglaw.com

## JURY DEMAND

**PLAINTIFF DEMANDS TRIAL BY A STRUCK JURY.**